UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rattanand Ratsantiboon,<br><br>Plaintiff,<br><br>v.<br><br>Kristi Noem, *Secretary of Department of Homeland Security, in her official capacity*;<br>Todd Lyons, *Acting Director Immigration & Customs Enforcement, in his official capacity*;<br>and U.S. Immigration & Customs Enforcement,<br><br>Defendants. | File No. 25-CV-01315 (JMB/JFD)<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Rattanand Ratsantiboon's motion for a temporary restraining order (TRO) against Defendants Kristi Noem, Todd Lyons, and U.S. Immigration & Customs Enforcement (ICE) (together, Defendants). (Doc. No. 12.) Ratsantiboon asks the Court to enter a TRO ordering the following: (1) enjoining Defendants from terminating Ratsantiboon's F-1 student status in the Student and Exchange Visitor (SEVIS) system; and (2) requiring Defendants to set aside their termination decision as to Ratsantiboon. For the reasons stated below, the Court grants Ratsantiboon's motion.

## BACKGROUND

Ratsantiboon is a citizen of Thailand who has resided in the United States since September 1, 2014, when he was lawfully admitted into the United States under an F-1 visa. (Doc. No. 13 ¶ 2; Doc. No. 12 at 2.) Ratsantiboon is currently enrolled as a full-time

1

nursing student at Metropolitan State University. (Doc. No. 13 ¶ 1.) Ratsantiboon has two prior criminal convictions: a careless driving offense on May 8, 2018, and a third-degree Driving While Impaired offense on August 2, 2018. (*Id.* ¶¶ 6–7.) He has never been subjected to any academic disciplinary action related to these offenses. (*Id.* ¶ 8.)

On March 28, 2025, ICE marked Ratsantiboon's student status as "terminated" within the SEVIS system. (*Id.* ¶ 8.) ICE entered the reason for termination as "Otherwise Failing to Maintain Status – Student identified in criminal records check. Terminated pursuant to INA 237(a)(1)(C)(i) / 8 USC 1227(a)(1)(C)(i)." (*Id.* ¶ 5.) ICE did not inform Ratsantiboon that his status had been terminated; he learned of his altered status only through a school official. (*Id.* ¶ 9.) On April 8, 2025, Metropolitan State University attempted to issue a new I-20 document for Ratsantiboon. However, ICE blocked the effort, this time providing the reason for termination as "OTHER- Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." (*Id.* ¶ 10.) This entry was backdated to March 28, 2025. (*Id.*)

On April 8, 2025, Ratsantiboon filed this action. (Doc. No. 1.) In his four-count Complaint, Ratsantiboon seeks declaratory and injunctive relief on grounds that Defendants violated the Administrative Procedure Act (APA) when they terminated his SEVIS record on improper grounds, without prior notice, without an articulated basis for their decision, and without providing Ratsantiboon an opportunity to respond. Ratsantiboon contends that Defendants acted in an arbitrary and capricious manner, inconsistent with the intent and plain language of the Immigration & Nationality Act and in violation of the Due Process Clause of the Fifth Amendment.

## DISCUSSION

Ratsantiboon now moves for a TRO to temporarily enjoin Defendants from terminating his student status in the SEVIS system and to require Defendants to set aside their termination decision. Based on the record presented to the Court at this stage, the Court concludes that the applicable factors favor immediate temporary relief.

When considering a motion for a TRO, courts consider the following four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *see also Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for preliminary injunction."). No one factor is determinative, and courts "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene." *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (quotation omitted). The moving party bears the burden to establish these factors. *E.g.*, *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Based on the record presented to the Court at this time, the Court concludes that the first factor favors granting the requested TRO: Ratsantiboon faces irreparable harm in the absence of temporary relief. Ratsantiboon is currently engaged in the middle of his spring semester, for which he has already paid tuition in full. (Doc. No. 13 ¶¶ 1, 13.) The termination of Ratsantiboon's F-1 student status in the SEVIS system renders him

3

immediately ineligible to attend classes and sit for his final examinations. Ratsantiboon thus faces the imminent prospect of losing credit for the coursework he has thus far performed. (Doc. No. 8 at 3.) In addition, the termination of Ratsantiboon's SEVIS record forces him to live in uncertain legal status while he pursues this matter (Doc. No. 13 ¶ 14), which can constitute a separate irreparable harm. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (concluding that plaintiffs' reasonable fear of being subject to unlawful detention absent a preliminary injunction may constitute irreparable harm).

This harm plainly outweighs the risk of injury to Defendants. Ratsantiboon stands to lose his lawful status in his present country of residence, a semester's worth of course credits, and future career prospects. By contrast, the temporary nature of the requested relief poses minimal harm to Defendants. *See Nebraska v. Biden*, 52 F.4th 1044, 1047 (8th Cir. 2022) (concluding that "the equities strongly favor an injunction considering the irreversible impact [the challenged agency] action would have as compared to the lack of harm an injunction would presently impose").

The third *Dataphase* factor, probability of success on the merits, also favors granting the requested relief at this time. Ratsantiboon alleges that Defendants violated the APA when they marked his student status as terminated in violation of their own regulations. *See* 8 C.F.R. § 214.1(d) (stating that nonimmigrant status may be terminated under the following three circumstances: (1) the revocation of a waiver authorized on the individual's behalf; (2) the introduction of a private bill to confer permanent resident status; or (3) pursuant to notification in the Federal Register on the basis of national security, diplomatic, or public safety reasons). None of those three circumstances appear to be

present in this case, as the record before the Court indicates that no waiver has been revoked, no private bill has been introduced, and no notification in the Federal Register has been published.  An agency's unexplained refusal to follow its own regulations effecting individuals' procedural benefits poses a high probability that the agency is not acting in accordance with the APA.  *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954); *see also Webster v. Doe*, 486 U.S. 592, 602 n.7 (1988) (noting that "the Agency's failure to follow its *own regulations* can be challenged under the APA" (emphasis in original)); *Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020) ("Under deeply rooted principles of administrative law, not to mention common sense, government agencies are generally required to follow their own regulations."); *Leslie v. Att'y Gen. of U.S.*, 611 F.3d 171, 175 (3d Cir. 2010) (observing the "the long-settled principle that rules promulgated by a federal agency that regulate the rights and interests of others are controlling upon the agency" (citing *Columbia Broad. Sys., Inc. v. United States*, 316 U.S. 407, 422 (1942))).

Lastly, the Court concludes that there is substantial public interest in ensuring that governmental agencies abide by federal laws, *Texas v. United States*, 40 F.4th 205, 229 (5th Cir. 2022), and there is no identifiable public interest in permitting federal officials to act outside of the law.  *Missouri v. Trump*, 128 F.4th 979, 997 (8th Cir. 2025).

Therefore, the balance of the *Dataphase* factors favors granting the requested interim relief at this time.  Further, the Court exercises its discretion to waive the bond requirement set forth in Rule 65(c) of the Federal Rules of Civil Procedure at this time.

*See Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).

A motion hearing will be held on April 28, 2025, at 11:00 a.m., to address whether to extend the interim relief ordered, and if so, for how long. This Order shall remain in effect at least until the hearing on April 28, 2025, and absent objection by the moving party, the Court may consider construing Ratsantiboon's motion as a request for a preliminary injunction to remain in place during the pendency of this case. Defendants are ordered to respond to Ratsantiboon's motion for injunctive relief (Doc. No. 12) on or before April 22, 2025. Ratsantiboon may reply on or before April 25, 2025.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Rattanand Ratsantiboon's motion for an emergency temporary restraining order (Doc. No. 12) is GRANTED.

2. Defendants are required to temporarily set aside their determination to mark Ratsantiboon's F-1 student status as terminated. Defendants shall reinstate Ratsantiboon's student status and SEVIS authorization, retroactive to March 28, 2025.

3. Defendants are also temporarily enjoined from taking any further action to terminate Ratsantiboon's student status or revoke his visa.

4. This Order takes effect immediately and shall continue until its expiration in fourteen days.

Dated: April 15, 2025
/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court