UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rattanand Ratsantiboon,<br><br>        Plaintiff,<br><br>v.<br><br>Kristi Noem, *Secretary of Department of Homeland Security, in her official capacity*; Todd Lyons, *Acting Director Immigration & Customs Enforcement, in his official capacity*; and U.S. Immigration & Customs Enforcement,<br><br>        Defendants. | File No. 25-CV-01315 (JMB/JFD)<br><br>**ORDER** |

    This matter is before the Court on Plaintiff Rattanand Ratsantiboon's request to extend an existing Temporary Restraining Order (TRO) for a period of fourteen days. For the reasons stated below, the Court grants the extension request.

    On April 15, 2025, the Court entered an *ex parte* TRO, requiring Defendants to temporarily reinstate Ratsantiboon's student status in the Student and Exchange Visitor Information System (SEVIS), retroactive to March 28, 2025. (Doc. No. 20.) The TRO further enjoined Defendants from taking any additional action to terminate Ratsantiboon's student status or revoke his visa. (*Id.*)

    The Court scheduled argument on the TRO for April 28, 2025. (*Id.*) However, on April 25, the parties jointly requested that the motion hearing be converted into a status conference due to reports that Defendant United States Immigration and Customs Enforcement (ICE) was developing a new policy to guide SEVIS record terminations and

1

was in the process of reinstating the SEVIS records that had previously been terminated. The Court granted the parties' joint request and held a status conference on April 28.

At the status conference, the parties provided information to the Court concerning ICE's upcoming policy change and Defendants' actions to comply with the initial TRO. Also at the hearing, Defendants requested that the Court allow the TRO to expire with no further injunctive relief ordered. Ratsantiboon opposed this request, urging the Court to extend the TRO for an additional period of fourteen days.[1] Ratsantiboon argued that good cause to extend existed because although Defendants represented that ICE was currently developing a policy, Defendants were unable to provide the Court with information regarding the substance of the policy or its expected date of implementation. Given these unknowns, the Court finds that there is good cause to extend the TRO to provide Defendants additional time to clarify their policy.

Ratsantiboon also argued that good cause to extend the TRO exists because the effects of the SEVIS policy shift are unknown for plaintiffs such as Ratsantiboon, who had their SEVIS records reinstated per Court order, as opposed to someone whose record is reinstated as a result of the upcoming policy change. According to the records provided by Defendants, Ratsantiboon's SEVIS record currently reads "[s]tatus reinstated per court order and ICE direction." (Doc. No. 23-1 at 1.) Ratsantiboon raised a concern that because his reinstatement is tied to the "court order," allowing the TRO to expire could result in the

---

[1] The Court also invited the parties to make arguments regarding whether to convert the initial TRO into a Preliminary Injunction that would remain in place for the pendency of the lawsuit. At this time, the Court declines to do so.

re-termination of his SEVIS record. Defendants were unable to offer any assurances regarding the impact of the expiration of the TRO. In the absence of such assurances, the Court finds good cause to extend the TRO.

Finally, Ratsantiboon noted that registration for his next semester's courses is currently ongoing, and he is concerned that further unexpected changes to his SEVIS status could prevent him from enrolling in courses for next semester, thus jeopardizing his ability to maintain student status and impeding his academic trajectory. Given the importance of being able to register for classes, and the current uncertainty surrounding SEVIS records, the Court has good cause to extend the TRO.

For the reasons provided, the Court extends the initial TRO. Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Rattanand Ratsantiboon's motion to extend the temporary restraining order is GRANTED.

2. Defendants are required to continue to set aside their determination to mark Ratsantiboon's F-1 student status as terminated. Defendants shall ensure that Ratsantiboon's student status and SEVIS authorization remain active, retroactive to March 28, 2025.

3. Defendants remain temporarily enjoined from taking any further action to terminate Ratsantiboon's student status or revoke his visa.

4. This Order takes effect immediately and shall continue until its expiration in fourteen days. On or before May 8, 2025, the parties are ordered to brief the Court as to whether good cause exists to further extend the TRO.

Dated: April 29, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court