UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rattanand Ratsantiboon,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Kristi Noem, *Secretary of Department of Homeland Security, in her official capacity*; Todd Lyons, *Acting Director Immigration & Customs Enforcement, in his official capacity*; and U.S. Immigration & Customs Enforcement,<br><br>　　　　　Defendants. | File No. 25-CV-01315 (JMB/JFD)<br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiff Rattanand Ratsantiboon's request to extend an existing Temporary Restraining Order (TRO) for an additional period of fourteen days. For the reasons stated below, the Court grants the extension request.

　　　　On April 15, 2025, the Court entered an *ex parte* TRO, requiring Defendants to temporarily reinstate Ratsantiboon's student status in the Student and Exchange Visitor Information System (SEVIS), retroactive to March 28, 2025. (Doc. No. 20 [hereinafter "April 15 Order"].) The April 15 Order further enjoined Defendants from taking any additional action to terminate Ratsantiboon's student status or revoke his visa. (*Id.*)

　　　　The Court held a status conference on April 28, 2025, at which time, the parties represented that Defendant United States Immigration and Customs Enforcement (ICE) was currently developing a new policy to guide SEVIS record terminations. Given the expected policy developments and the risk of irreparable harm faced by Ratsantiboon in

1

the interim, the Court found good cause to extend the TRO. (Doc. No. 30 [hereinafter "April 29 Order"].)

Ratsantiboon now asks the Court for an additional fourteen-day extension, or, in the alternative, entry of a preliminary injunction. (Doc. No. 35.) Ratsantiboon asserts that the circumstances justifying the April 15 Order and the April 29 Order remain unchanged. Specifically, Ratsantiboon claims that Defendants' new policy fails to alter the legal landscape because the policy itself states that it "does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter." (Doc. No. 34-1 at 2.) Ratsantiboon further asserts that the new policy does not cure the deficiencies underlying his lawsuit, as the policy leaves open the possibility that Defendants will persist in termination actions contrary to the law and the agency's own regulations. (Doc. No. 35 at 8.) Ratsantiboon renews his concern that the expiration of the April 29 Order would immediately expose him to adverse and irreparable consequences, including re-termination of his SEVIS record, termination of his F-1 status, and disenrollment from his educational program. (*Id.* at 7–8.)

Defendants oppose further extension of the TRO and entry of a preliminary injunction because they contend that Ratsantiboon has not established irreparable harm. (Doc. No. 32 at 4.) Defendants submit three declarations authored by officials at the Department of Homeland Security in support of this argument. (*See* Doc. No. 33.) The Court has reviewed the declarations and continues to have concerns regarding potential adverse and irreparable consequences to Ratsantiboon. First, the consequences of the past

SEVIS termination and of expiration of the April 29 Order remain unknown. At the April 28, 2025 hearing, the parties addressed the retroactive reinstatement language that currently exists in the SEVIS record. That language specifically noted that the basis for reinstatement was the April 15 Order. None of the declarations, however, addresses whether the expiration of the relief in the April 15 Order will impact the retroactive reinstatement. Additionally, ICE official James Hicks states that, due to "the technical limitations of the SEVIS system," the SEVIS entry backdating the reinstatement to the date of termination is "not viewable by end-users," such as school officials, and "the event history for a given record cannot be deleted from the system." (Doc. No. 33-2 ¶¶ 3–4.) Absent additional information concerning the reinstatement language and its impact on Ratsantiboon, the Court cannot agree with Defendants' argument.

Second, although the declarations acknowledge that the reason or reasons behind the initial decision to terminate Ratsantiboon's SEVIS record are no longer sufficient to justify that action, none of the declarations addresses why that initial decision was made or otherwise identifies steps that have been taken to ensure such actions will not recur. For instance, ICE official Andre Watson states that ICE currently "has no plans under its new SEVIS policy to re-terminate the plaintiff(s) [sic] SEVIS record based solely on the [National Crime Information Center (NCIC)] record that led to its initial termination." (Doc. No. 33-1 ¶ 6.) This statement, however, only pertains to future decisions based on the NCIC record alone. It does not address whether, in the future, Defendants might rely on the NCIC record in addition to some other factor to terminate Ratsantiboon's SEVIS record or otherwise jeopardize his student status. A question remains regarding whether

3

and to what extent Defendants will consider the NCIC in the future without additional procedural protections. Absent additional information, Ratsantiboon continues to face the same potential deprivation of rights and accompanying irreparable harm underlying the entry of the April 15 and April 29 Orders.

Third, none of the declarations provides information concerning the finality of the newly developed and implemented policy. Absent additional information, the Court cannot conclude that there will be no further policy changes.

Therefore, the Court concludes that circumstances remain unchanged since the April 29 Order, and additional information is required. While awaiting this information, the Court finds good cause exists to extend the April 29 Order for an additional period of fourteen days.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Rattanand Ratsantiboon's motion to extend the temporary restraining order (Doc. No. 35) is GRANTED.

2. Defendants are required to continue to set aside their determination to mark Ratsantiboon's F-1 student status as terminated. Defendants shall ensure that Ratsantiboon's student status and SEVIS authorization remain active, retroactive to March 28, 2025.

3. Defendants remain temporarily enjoined from taking any further action to terminate Ratsantiboon's student status or revoke his visa.

4. By 5:00 p.m. CST on May 19, 2025, Defendants shall submit a supplemental memorandum and necessary supporting declarations regarding the following three issues: (1) the weight, if any, that the new policy permits Defendants to give to the NCIC record in future decisions regarding SEVIS termination; (2) the limitations or ability for making potential changes to entries in the

SEVIS record; and (3) the extent to which further policy changes are anticipated.

5. After receipt of supplemental filings, the Court will determine whether to schedule another hearing, whether to terminate or extend the TRO, or whether to address Ratsantiboon's motion for a preliminary injunction.

6. This Order takes effect immediately and shall continue until its expiration in fourteen days.

Dated: May 13, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court